## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHERETA ADAMS, as Independent Administrator of the Estate of CHEQUITA ADAMS, deceased, | ) ) ) | Case No.    17 C 4888 |
| | ) | |
| Plaintiff, | ) | Judge Leinenweber |
| | ) | |
| | ) | Magistrate Judge Cox |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS

Defendant City of Chicago, through its attorney Edward N. Siskel, Corporation Counsel of the City of Chicago, ("City") moves pursuant to the Federal Rules of Civil Procedure to dismiss Plaintiff Chereta Adams' complaint in its entirety. In support, the City states as follows:

## INTRODUCTION

During a high-speed vehicle pursuit, Defendant Taylor Clark – the individual driving away from an unmarked Chicago Police SUV – ran into a vehicle driven by Chequita Adams ("Adams"). Both Defendant Clark and Adams died as a result of the traffic crash. Plaintiff asserts that the car accident constituted excessive force and was caused by City municipal policies and practices. It is well-established that, while tragic, the car accident was not a "seizure" as defined by the Fourth Amendment and, therefore, cannot be a constitutional violation. Absent a constitutional violation, City policies and practices are immaterial as *Monell* claims

1

are conditional on a constitutional right having been infringed. Accordingly, the Court should dismiss Plaintiff's excessive force claim and her *Monell* claim with prejudice and relinquish jurisdiction over the remaining state-law claims.

## STATEMENT OF FACTS[1]

On June 27, 2017, a Chicago Police Officer attempted to conduct a traffic stop on Defendant Clark, who was an off-duty police officer. *Docket No. 1* at ¶¶ 7, 8. Defendant Clark failed to stop and, instead, sped away from the unmarked police SUV "at speeds well in excess of the speed limits." *Id.* at ¶ 11. The Chicago Police Officer followed Defendant Clark in a "high speed pursuit" westbound down Roosevelt Road in Chicago. *Id.* at ¶¶ 1, 11, 13. Defendant Clark and the Chicago Police Officer both drove recklessly during this pursuit. *Id.* at ¶ 14.

At approximately the same time, Adams was driving her silver Nissan southbound on Kostner Avenue. *Id.* at ¶ 15. Adams attempted to turn her vehicle eastbound onto Roosevelt Road by making a lawful left-hand turn onto Roosevelt. *Id.* at ¶ 16. Defendant Clark's vehicle, being driven at a high speed and in a reckless manner, rammed into Adam's Nissan. *Id.* at ¶¶ 14, 16. This collision caused Adam's Nissan to overturn and crash into utility/sign poles. *Id.* As a result of the "reckless driving and pursuit," Adams was killed. *Id.* at ¶ 18.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon

---

[1] These facts, taken from Plaintiff's complaint, must be accepted as true for the purposes of the City's motion to dismiss. The City disputes many of these factual allegations.

which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Pursuant to Rule 8, a complaint must "include a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To properly state a claim, a plaintiff's complaint must contain allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Hill v. Service Employees International Union*, 850 F.3d 861, 863 (7th Cir. 2017); *Kubiak v. City of Chicago, et al.*, 810 F.3d 476, 480 (7th Cir. 2016); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When contemplating a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). The "complaint must allege *facts* to support a cause of action's basic elements" as conclusory allegations are not enough and do not receive a presumption of truth. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (*emphasis* added).

<u>ARGUMENT</u>

I. **Plaintiff has failed to state a constitutional claim so her 42 U.S.C. § 1983 claims must be dismissed with prejudice.**

Plaintiff's § 1983 claims lack any legal merit and cannot survive the City's motion to dismiss. To state a § 1983 claim, a plaintiff must sufficiently allege that a person acting under color of state law violated a right secured by the Constitution or

the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009); *Winston v. City of Chicago*, 130 F.Supp.3d 1218, 1221 (N.D.Ill. 2015). It is well-established, black letter law that traffic accidents are not "seizures" as defined by the Fourth Amendment and, as such, cannot form the basis of a § 1983 action. The case law on this point is unambiguous and beyond dispute. Thus, Plaintiff's excessive force claim must be dismissed with prejudice. As a consequence, Plaintiff's *Monell* claim must also be rejected as that claim requires an underlying constitutional violation to have occurred and, absent one, cannot exist.

    A.  <u>Plaintiff's excessive force claim fails as a matter of law.</u>

    Accepting Plaintiff's factual allegations as true, on June 27, 2017, Defendant Clark was driving away from the unmarked police SUV and his vehicle was travelling at speeds well in excess of the speed limit. *Docket No. 1* at ¶ 11. An unknown Chicago Police Officer was following Defendant Clark's vehicle, attempting to effect a traffic stop. *Id.* at. ¶¶ 8, 13. Adams was lawfully making a left turn onto eastbound Roosevelt Road and Clark's vehicle ran into the driver's side of her vehicle. *Id.* at ¶ 16. Plaintiff asserts that this vehicle accident constitutes excessive force, *i.e.*, an unlawful seizure. *See Docket No. 1*, *Count I*. Plaintiff is mistaken.

    Under the Fourth Amendment, a "seizure" "does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and

4

governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied.*" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998); *Winston*, 130 F.Supp.3d at 1222. Consistent with *Lewis*, the Seventh Circuit requires a plaintiff to prove – and plead – two elements in a § 1983 case derived from a police chase: (1) that the officer forcibly stopped the vehicle and (2) that the contact was intentional. *Steen v. Meyers*, 486 F.3d 1017, 1022 (7th Cir. 2007). A distinction exists between "an accidental or tortious act which happens to be committed by a governmental official and an intentional detention that rises to the level of a constitutional violation." *Bublitz v. Cottey*, 327 F.3d 485, 486 (7th Cir. 2003). An officer's accidental act, such as accidentally running over a fleeing suspect or *pursuing a suspect who then crashes into a bystander*, does not constitute a seizure because "the officer's action was not the 'the means intentionally applied to effect the stop, but was rather an unfortunate and regrettable accident.'" *Bublitz*, 327 F.3d at 489; *Winston*, 130 F.Supp.3d at 1222 (*emphasis* added). Moreover, the mere intent to seize one particular car does not mean that officers "intended to stop any other car" – including the bystanders', which "was simply not the intended object of the defendant officers' attempts to seize the fleeing" driver. *Bublitz*, 327 F.3d at 489.

*Bublitz* is the seminal Seventh Circuit case on officer-involved traffic accidents. In *Bublitz*, the family of two individuals killed during a police-involved traffic pursuit brought a § 1983 claim. There, officers deployed a tire-deflation

device to stop a fleeing armed robber. 327 F.3d at 486. The robber's vehicle ran over the device and then veered into a minivan, killing two of the passengers. *Id.* The court held the collision "was not a means intended by police to stop the family, but rather an unintended consequence of an attempt to seize [the fleeing driver]. This would preclude any finding that the [] family was 'seized' by the police as a result of the crash." *Id.* Therefore, the plaintiff's § 1983 claims could not proceed.

Numerous courts within this jurisdiction have closely adhered to this reasoning. Recently, in *Winston*, the court weighed a motion to dismiss a § 1983 claim involving a traffic accident eerily similar to this one. In *Winston*, an individual fled from a traffic stop at a high rate of speed through a residential area. 130 F.Supp.3d at 1220. The plaintiffs, having a green light, attempted to drive through an intersection. *Id.* The fleeing suspect collided with the plaintiffs' vehicle, causing several fatalities. *Id.* The family of the deceased brought a § 1983 action against the City based upon the traffic collision. *Id.* at 1220-21. The court was faced with a similar motion the City makes now – whether the traffic accident constituted a "seizure" as defined by the Fourth Amendment. *Id.* at 1222. Following *Bublitz*, the court evaluated the "intent" requirement. Notably, the plaintiffs did not allege that the officers intended to stop their vehicle and, instead, attempted to impose liability on a "transferred intent" theory. *Id.* The court was not persuaded by that argument, finding it to be identical to the theory rejected by *Bublitz*. *Id.* at 1222-23. In the end, absent an allegation or evidence of an *intentional* stop, the traffic accident could not form the basis of a § 1983 claim and the claim was dismissed with prejudice. *Id.*

6

As in *Bublitz* and *Winston*, Plaintiff's claim must be dismissed with prejudice for failing to meet the "intent" requirement. Plaintiff asserts that Defendant Clark and the Chicago Police Officer were "reckless" and that recklessness led to Adams' death. *Docket No. 1* at ¶ 18. Plaintiff does not allege, or even imply, that either Defendant Clark or the Chicago Police Officer intended to stop the Nissan via collision or any other method.[2] Without there being an intent to stop the Nissan and an action undertaken to intentionally make that stop, the traffic accident was not a "seizure" under the Fourth Amendment. While the death of Adams is unfortunate, it can never form the basis of a constitutional violation. *Bublitz*, 327 F.3d at 486; *Winston*, 130 F.Supp.3d at 1222. Accordingly, the accident cannot be a constitutional claim as a matter of law and Plaintiff's excessive force claim should be dismissed with prejudice.

B. With Plaintiff's excessive force claim invalid, her *Monell* claim cannot survive a motion to dismiss.

"It is well established that there can be no municipal liability based on an official policy under *Monell*[3] if the policy did not result in a violation of [a plaintiff's] constitutional rights." *Petty v. City of Chicago*, 754 F.3d 416, 424-25 (7th Cir. 2014); *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). In other words, there must have been a constitutional violation for a *Monell* claim to be viable. As discussed above, Plaintiff's excessive force claims are invalid as there was no "seizure" during

---

[2] Plaintiff alleges Defendant Clark was acting within the scope of his employment with the City of Chicago at the time of the accident. *Docket No. 1* at ¶ 5. The City disputes this fact but it must be taken as true at this time. For the purposes of the motion, Defendant Clark's status as a police officer is irrelevant.

[3] *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).

the traffic accident. With the excessive force claims failing, there can be no *Monell*

liability regardless of any problematic policy or practice. Accordingly, Plaintiff's

*Monell* claim must be dismissed with prejudice as a matter of law.

## II. The Court should not exercise supplemental jurisdiction and should dismiss Plaintiff's state law claims without prejudice.

The City moves pursuant to Rule 12(b)(1) to dismiss Plaintiff's remaining

claims for lack of subject matter jurisdiction. "In general, when all federal claims

have been dismissed before trial, the district court should relinquish jurisdiction

over pendent state-law claims rather than resolving them on the merits." *Lalowski*

*v. City of Des Plaines*, 789 F.3d 784, 794 (7th Cir. 2015). Here, the Court had

jurisdiction over this case based solely on Counts I and IX. As those claims cannot

survive the City's motion to dismiss, the Court should also dismiss Plaintiff's

remaining state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) as

there are no reasons for the Court to retain jurisdiction.

<u>CONCLUSION</u>

The death of Adams is undoubtedly unfortunate. However, the Seventh

Circuit has made it unequivocally clear that this type of traffic accident is not a

"seizure" as defined by the Fourth Amendment. Thus, Plaintiff's excessive force

claim must be dismissed with prejudice. And with the excessive force claim

dismissed, Plaintiff's *Monell* claim must be dismissed with prejudice as well as

there is no underlying constitutional violation. With no federal claims surviving, the

Court should dismiss all remaining state law claims without prejudice.

Respectfully submitted,

*/s/ Shawn W. Barnett*
Shawn W. Barnett
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 606002
(312) 744-0742
Attorney No. 6312312

## Certificate of Service

I, the undersigned attorney, certify that I filed the foregoing document using the Court's electronic filing system. As a result, electronic copies of the filed document were served upon all counsel of record. In addition, a courtesy copy of the filed document may have been provided to the Court depending upon the Court's standing order.

*/s/ Shawn W. Barnett*